**SO ORDERED.**

**SIGNED this 07 day of October, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

**IN RE:**

**HAM'S RESTAURANTS, INC.**                    **CHAPTER 7**
                                               **CASE NUMBER: 09-09233-8-RDD**
    **DEBTOR**


**JOSEPH N. CALLAWAY, TRUSTEE**               **ADVERSARY PROCEEDING**
                                               **NUMBER: 11-00197-8-RDD**
    **Plaintiff**

    **v.**

**ENERGY MIZER CORPORATION**

    **Defendant**


### ORDER DENYING MOTION FOR CHANGE OF VENUE

Pending before the Court is the Motion for Change of Venue and the accompanying Memorandum of Law filed by Energy Mizer Corporation (the "Defendant") on August 17, 2011 (collectively the "Defendant's Motion") and the Response and Objection to Motion for Change of Venue and Brief in Support Thereof filed by Joseph N. Callaway, the Chapter 7 Bankruptcy Trustee

on August 25, 2011 (the "Plaintiff's Response").  The Court conducted a hearing on September 21, 2011 in Raleigh, North Carolina to consider the Defendant's Motion and the Plaintiff's Response.

## STATEMENT OF THE CASE

On October 22, 2009, Ham's Restaurants, Inc. (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code.  On August 4, 2010, the case was converted to one under Chapter 7 and the Plaintiff became the Chapter 7 Trustee. The Defendant filed a proof of claim in the bankruptcy case in the amount of $47,912.38.  On June 16, 2011, the Plaintiff filed this adversary proceeding against the Defendant seeking to avoid and recover preferences or fraudulent transfers in the aggregate amount of $39,910.05.  The Defendant filed its Answer to the Plaintiff's Complaint on August 17, 2011 alleging, among other things, affirmative defenses under 11 U.S.C. § 547(c)(2) and 11 U.S.C. § 547(c)(4).  Additionally, the Defendant asserts that it is entitled to offset any possible unpaid administrative claim against the asserted preference exposure under common law doctrines of setoff and/or recoupment.

Defendant's Motion seeks to transfer venue to the Middle District of North Carolina.  The Defendant argues that venue is improper in the Eastern District of North Carolina because 28 U.S.C. § 1409(b) provides that an action by a bankruptcy trustee on "a debt against a noninsider of less than $11,725 [may be brought] only in the district court for the district in which the defendant resides."  The Defendant asserts that any "debt" recoverable in this action is less than the threshold amount of $11,725.00 as required under 28 U.S.C. § 1409(b).  The Defendant resides in Greensboro, Guilford County, North Carolina. The Defendant is a noninsider.  Therefore, it is the Defendant's contention that this action may only be brought in the United States Bankruptcy Court for the Middle District of North Carolina.  Defendant argues that its various affirmative defenses reduce

2

any "debt" to Plaintiff well below the threshold dollar amount necessary to bring this action in this Court. Therefore, it is the Defendant's contention that this action may only be brought in the United States Bankruptcy Court for the Middle District of North Carolina.

In its Response, the Plaintiff argues that the total amount in controversy in this adversary proceeding is $39,910.05, an amount substantially higher than the threshold dollar amount required under 28 U.S.C. § 1409. The Plaintiff asserts that the relevant amount when determining venue under Section 1409(b) is the full amount of relevant transfers prior to the application of any affirmative defenses. Therefore, the Plaintiff contends, that the full amount in controversy remains over the threshold venue amount and venue is proper in the Eastern District of North Carolina.

The issue before the Court is whether the dollar limitation on venue under 28 U.S.C. § 1409(b) is determined at the commencement or filing of the preceding.

## DISCUSSION

28 U.S.C. § 1409(b) provides that "a trustee . . . may commence a proceeding . . . to recover a money judgment . . . or a debt against a noninsider of less than $11,725, only in the district court for the district in which the defendant resides."

The Bankruptcy Court for the Middle District of Florida addressed the issue of whether the dollar limitation on venue under 28 U.S.C. § 1409(b) is determined at the commencement or filing of the proceeding. *Whitaker v. Kendall Co.* (*In re Olympia Holding Corp. et al.*), 230 B.R. 629, 631 (Bankr. M.D. Fla. 1999). There, the Chapter 7 Trustee brought an adversary proceeding against the defendant to recover amounts allegedly owed to the debtor. *Id.* at 630. The trustee brought the adversary proceeding outside the defendant's home district with an amount in controversy of $43,000.00. *Id.* Subsequent to filing the complaint, the trustee moved to amend its complaint to

3

abandon certain claims, reducing the amount sought to less than the threshold amount. *Id.* The defendant argued that amending the complaint to seek less than the threshold dollar amount stated in Section 1409, would require the dismissal of the proceeding or a transfer of venue to its home district. *Id.* at 631. In its analysis, the court looked to the plain meaning of the statute and analogous jurisdictional and venue statutes. *Id.* "For example, the jurisdictional amount contained in the federal diversity jurisdiction statute, 28 U.S.C. § 1332, is tested at the time the civil action is filed." *Id.* The court held that the dollar limitation on venue under 28 U.S.C. § 1409 is determined at the commencement of the filing of the proceeding. *Id.* at 632. If the sum claimed by the plaintiff in the complaint is made in good faith, venue will be proper outside the defendant's home district. *Id.* at 632.

Here, the Defendant directed the Court to consider various cases giving rise to its affirmative defenses, which the Defendant argued would impact the amount of "the debt" and accordingly the venue issue arising under 28 U.S.C. § 1409(b).

Here, the Court finds that the sum claimed by the Plaintiff in the complaint was made in good faith. Deposited checks to the Defendant paid from the Debtor show that funds in the amount of $39,310.05 were received within the ninety-day preference period prior to the filing of the bankruptcy petition. Based upon this information, the Plaintiff did not lack good faith in claiming preferences or fraudulent transfers in the aggregate amount of $39,910.05. The Defendant never alleged that the Plaintiff did not do its due diligence or failed to comply with Bankruptcy Rule 9011. Defendant admits there were checks paid to the Defendant from the Debtor totaling $39,310.05 during the ninety-days prior to the date of the filing of the bankruptcy petition. In this case, the Court will not consider whether the legal defenses advanced by the Defendant may be used to

4

calculate the venue amount.  28 U.S.C. § 1409(b) refers to the "commencement" of the case in regard to the venue amount. The statute does not say after commencement and evaluation of any defenses.  It is therefore only proper that the good faith allegation of the amount in the complaint be determinative at a hearing on a motion for change of venue.  Absent a showing of lack of good faith, lack of due diligence, or lack of compliance with Bankruptcy Rule 9011, analysis of the merits of affirmative defenses will not be a basis for supporting a motion for change of venue.  Therefore, the Motion is **DENIED**.

        **SO ORDERED.**

                        **END OF DOCUMENT**